### In the Matter of Dorene Jackson PHILPOT.

### No. 49S00–0408–DI–369.

Supreme Court of Indiana.

Jan. 7, 2005.

### *ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Under Count I, a client hired respondent to file a dissolution of marriage. Without consulting the client, respondent hired another attorney to research an issue in the case. After completing the research and reporting to respondent, the other attorney sent a letter to the client explaining the results of the research. Subsequently, the client received a bill from respondent charging for the research time and the letter from the other attorney.

Under Count II, respondent maintained a website that provided information to parents of special needs children with regard to meetings (mediation) with school officials concerning provision for the child's needs. The website suggested that among other things that the parents lie and create "throw away" demands to achieve successful results in the mediation.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 1.5(e), which prohibits division of fees between lawyers not in the same firm without the consent of the client; 7.1(b), which prohibits a lawyer from engaging is public communication that is false, fraudulent, misleading or self-laudatory; and 8.4(d), which prohibit a lawyer from participating in conduct prejudicial to the administration of justice.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. The Court would have been inclined to impose

a more severe sanction, but since it is this Court's policy to favor agreed resolutions of attorney disciplinary charges, we accept the tendered agreement. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

SULLIVAN, BOEHM, and RUCKER, JJ. concur.

DICKSON, J. dissents, believing that for advising the public to lie at mediation meetings, the respondent should be suspended from the practice of law without automatic reinstatement.

SHEPARD, C.J., not participating.